**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

NAHOMI CORINA BAHENA RODRIGUEZ,

Petitioner,

v. Case No. 2:26-cv-00841 KWR-JHR

ACTING DIRECTOR,
*Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus (**Doc. 16**). Petitioner is a non-citizen who has been detained by ICE since January 13, 2026. Petitioner received a bond hearing under 8 U.S.C. § 1226(a). Petitioner asserts that her immigration detention violates her due process rights, primarily because she spent six years in the United States prior to her detention and there are insufficient reasons to detain her while her removal proceedings are pending. She also asserts that her detention is prolonged. As explained below, Petitioner's due process claims and request for release are not well-taken. But she is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing, which she has received. Her Amended Petition is therefore **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Mexico. She is currently detained by ICE at the Otero County Processing Center. Petitioner entered the United States on or about November 6, 2020. Doc. 16 at 5. Petitioner was released from custody on January 31, 2020. Doc. 21 at 4-5. Her release did not have an expiration period. For six years she lived in Minnesota. She attended school, graduated from high school, and worked with employment authorization. Doc. 16 at 6.

Petitioner's removal proceedings were dismissed on January 5, 2024. Doc. 21 at 22. However, Petitioner was arrested pursuant to a warrant under 8 U.S.C. § 1226(a) on January 13, 2026. Doc. 17-4 at 1. Respondents initiated new removal proceedings and issued another Notice to Appear on January 23, 2026. Doc. 21 at 26. Respondents noted that Petitioner was present in the United States and was not previously paroled, and they did not state that she was an arriving alien. Doc. 21 at 26. Therefore, it appears that Respondents did not treat Petitioner as an arriving alien. The Notice to Appear also noted that Petitioner was not paroled into the United States. Doc. 21 at 26.

On March 2, 2026, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a). The immigration judge denied bond, stating as follows in the written order: "[t]he Respondent has not met her burden of showing that she is not a flight risk. The Court denies bond as a matter of discretion." Doc. 17-5 at 1.

Petitioner filed an Amended Petition. Doc. 16. In her Amended Petition, she asserts that she may not be detained because she has lived in the United States for six years and her continued detention remains unnecessary. Doc. 16 at 8. She asserts the following claims.

First, she asserts her substantive due process rights were violated because she lived in the United States for six years prior to her detention. She asserts that "the question before this Court is whether Respondents may continue physically incarcerating Petitioner after they themselves

affirmatively released her from custody, directed her to report to immigration authorities, permitted her to reside openly within the United States, authorized her employment, and allowed her to remain physically free for approximately six years while her immigration proceedings remained pending." Doc. 16 at 10. Second, she asserts that her procedural due process rights were violated. Finally, she asserts that her prolonged detention violates her due process rights.

In her Amended Petition she does not challenge the manner of the termination of her parole, whether her parole was terminated based on individualized findings, or the manner of her arrest.

## DISCUSSION

### I. **Petitioner is detained under 8 U.S.C. §1226(a).**

Initially, the Court notes that Petitioner is detained under 8 U.S.C. § 1226(a) pending a decision on her removal. Petitioner lived in the United States for approximately six years prior to her detention. Moreover, her removal proceedings were dismissed in 2024. When new removal proceedings were initiated in 2026, the Notice to Appear stated that she was present in the United States. The Notice to Appear did not treat her as an arriving alien or a person seeking admission into the United States. Doc. 21 at 26. She was arrested pursuant to a warrant under § 1226(a). Finally, the immigration judge held an individualized bond hearing under § 1226(a). Under these circumstances, Petitioner is entitled to a bond hearing under § 1226(a). Petitioner received an individualized bond hearing, and Petitioner does not assert that she has not received the process due under § 1226(a). Thus, Petitioner is appropriately detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents shall treat her as any other noncitizen detained under § 1226(a) pending a decision on her removal.

Respondents assert that Petitioner is mandatorily detained under § 1225(b)(1)(B)(iii)(IV). That section mandates detention for certain arriving aliens in expedited removal proceedings.

Here, the Notice to Appear does not treat Petitioner as an arriving alien. Doc. 21 at 26. Moreover, Respondents do not assert that Petitioner was placed in expedited removal proceedings.

## II. <u>Petitioner has not demonstrated that Respondents violated her substantive due process rights</u>.

In Count I, Petitioner asserts a substantive due process claim. Petitioner appears to assert that her detention violates substantive due process because she was present in the United States on release for six years, demonstrating that her current detention is unnecessary. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747.

Here, Petitioner asserts that her detention is punitive and unnecessary because she was released into the United States for six years. Petitioner was arrested on January 13, 2026 pursuant to a warrant under § 1226(a), and she received a bond hearing under § 1226(a), at which the immigration judge concluded she was a flight risk. A removal order was entered, which Petitioner appealed. The appeal remains pending. Respondents are therefore authorized under § 1226(a) to detain Petitioner pending a decision on her removal proceedings. Moreover, detention pending

removal proceedings "is a constitutionally permissible part of the process." *Demore v. Kim*, 538 U.S. 510, 530 (2003).

It is clear that Petitioner is detained pending a decision on the appeal of her removal order, not to merely punish her. Moreover, her detention is rationally related to the legitimate governmental purpose of adjudicating her removal and ultimately removing her from the country. Petitioner has not demonstrated that her detention is excessive in relation to that purpose.

Petitioner asserts that her detention is unnecessary because she lived for six years in the United States on release and performed well. But she received process under § 1226(a), including a bond hearing, and an immigration judge concluded she was a flight risk. In Count I, Petitioner does not argue that her detention is indefinite or exceeds the time period reasonably necessary to issue a final removal order.

Petitioner cites to *Rodriguez v. Ortega,* 180 F.4th 702, 709 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026). In that case, the court concluded that petitioners were entitled to a bond hearing after 90 days' detention where they were mandatorily detained under § 1225(b)(2)(A). But here, Petitioner is detained under § 1226(a) and she received a bond hearing within 90 days of her initial detention. Moreover, that decision was vacated, and the case will be reheard by the court en banc. *Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026).

Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on her detention pending a decision on her removal proceedings. Her detention is not punitive and it is rationally related to a legitimate governmental purpose. Therefore, Petitioner's substantive due process claim under Count I fails.

## III. **Petitioner has not demonstrated that Respondents violated her procedural due process rights**.

Under Count II, Petitioner asserts that her detention violates her procedural due process rights. However, it is unclear whether she challenges the procedures used to justify her detention. Petitioner asserts that it violates procedural due process to detain her because she was released for six years and Respondents did not demonstrate that her "continued physical incarceration remained necessary notwithstanding that history of successful liberty." *See* Doc. 16 ¶ 95. She asserts that the immigration judge failed to consider whether her six years' release rendered her "detention constitutionally unnecessary." *Id.* ¶ 98. In other words, she asserts her procedural due process rights were violated because Respondents failed to consider whether her detention violated her substantive due process rights. But as explained above, the Court concludes that her substantive due process rights were not violated.

Petitioner also asserts that her detention burdened her ability to prepare for her removal hearing. But she does not provide any specific factual allegations supporting that assertion.

The record before the Court does not contain a transcript or proffer of the bond hearing, including what was presented to the immigration judge, or the immigration judge's oral ruling. Moreover, Petitioner did not cite to the *Mathews* standard or apply the *Mathews* factors to determine whether the procedures afforded Petitioner provided adequate process.

Courts considering procedural due process claims consider whether there exists a protected liberty interest and whether the procedures provided afford the individual adequate process. *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006); *see Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1244 (10th Cir. 2012) ("To claim a violation of his right to procedural

due process, Petitioner 'must have a liberty or property interest in the outcome of the proceedings.'" (quoting *Arambula-Medina*, 572 F.3d at 828)).

The Court must examine the adequacy of the procedure to ensure that the deprivation meets the demands of the Constitution. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In analyzing a what process is due, courts must analyze "the governmental and private interests that are affected." *United States v. Muhtorov*, 20 F.4th 558, 624 (10th Cir. 2021) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). Courts should consider the following three factors: (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value of additional procedural safeguards; and (3) the Government's interest, such as the function involved, and the fiscal and administrative burdens additional safeguards would entail. *Mathew*s, 424 U.S. at 335.

Petitioner did not analyze these factors or apply the factors to the facts of this case, and the Court declines to argue them for her. Petitioner bears the burden of proof of showing that she is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y.

2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting her own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

Therefore, Petitioner's procedural due process claim under Count II is denied.

## IV. **Respondents have not violated Petitioner's due process rights due to prolonged detention.**

Finally, Petitioner asserts under Count III that her prolonged detention violates her due process rights. Petitioner was detained pursuant to a warrant on January 13, 2026. She asserts that she received a bond hearing under § 1226(a) on March 2, 2026, and remains detained. Petitioner has not carried her burden to show that her detention is prolonged and violates due process, or that she is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978

F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow. Here, Petitioner received a bond hearing approximately six months ago, and therefore she has received the remedy for prolonged detention. Petitioner has not demonstrated that she is entitled to release. Notably, in the cases above the remedy contemplated was an additional bond hearing. Petitioner does not seek an additional bond hearing. She has not asserted that she requested an additional bond hearing and that request was denied.

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Here, Petitioner has not demonstrated that an appeal of her removal order will not be adjudicated or processed in a reasonable manner.

## CONCLUSION

Petitioner has not demonstrated that her due process rights were violated or that she is entitled to release. However, Petitioner is detained under 8 U.S.C. § 1226(a) at this time and received an individualized bond hearing. Petitioner does not request an additional bond hearing or

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

assert that she was denied a bond hearing. But the Court directs that she continue to be treated as other detainees under § 1226(a) pending a final order of removal.

**IT IS THEREFORE ORDERED** that Petitioner's Amended Petition (Doc. 16) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE